# Commonwealth, Appellant, v. American Cement Company.

*Taxation—Manufacturing corporation—Foreign corporation—Ownership of stock.*

A Pennsylvania manufacturing corporation whose stock is owned in its entirety by a foreign corporation is not required to pay a tax on its capital stock in Pennsylvania.

Argued June 3, 1902. Appeal, No. 17, May T., 1902, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1901, No. 195, on appeal from tax settlement, in case of Commonwealth v. American Cement Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from tax settlement.

The case was tried without a jury under the Act. of April 22, 1874.

SIMONTON, P. J., filed the following opinion:

1. Defendant is a Pennsylvania company incorporated for manufacturing purposes, and during the tax year 1900, all of its capital stock, except $50,000, was invested in and actually and exclusively employed in the business of manufacturing cement in Lehigh county, Pennsylvania. On March 18, 1901, defendant's officers made and returned to the auditor general a report and appraisement of its capital stock, appraising it at $2,347,385, and accompanied the report with a claim for exemption of the capital stock from taxation, for the reason that all of it except $50,000 was invested in and actually and exclusively employed in manufacturing within the state. They also stated in their report that the defendant company was leased to, owned and operated by another company, but the evidence given at the trial shows that this statement was not strictly correct, and that the fact is that the entire capital stock of defendant was owned by the American Cement Company of New Jersey, except a few shares held by citizens of Pennsylvania to qualify them as directors, but actually belonging to the New Jersey corporation.

2. The auditor general and state treasurer, claiming that defendant, under these facts, was not entitled to the exemption of its capital stock from taxation, settled an account against it, charging it with tax at the rate of five mills on the valuation of $2,347,385 returned by its officers, amounting to $11,736.92. Defendant paid to the state treasurer $250, the amount of tax due on the $50,000 not invested in and actually and exclusively employed in manufacturing, and the question to be determined is whether under these facts the rest of defendant's capital stock is exempt from taxation.

We do not think there is any difference in principle between the cases where a foreign corporation is the owner of the capital stock of a domestic corporation, and the cases where it is the lessee of such a corporation, and therefore for the reasons stated in the opinions filed in Commonwealth v. Cambria Iron Company, 210 Commonwealth Docket, 1901, and Commonwealth v. American Car and Foundry Company, 229 Commonwealth Docket, 1901, we are of the opinion that under the facts of this case, defendant's capital stock, invested in and ac-

tually and exclusively employed in manufacturing within the state, is exempt from state taxation.

Judgment is therefore directed to be entered in favor of defendant if exceptions be not filed within the time limited by law.

*Error assigned* was the judgment of the court.

*Frederic W. Fleitz,* deputy attorney general, with him *John P. Elkin,* attorney general, for appellant.

*James A. Stranahan,* with him *John Scott, Jr.,* for appellee.

PER CURIAM, June 3, 1902:

Judgment affirmed on the opinion of the court below.

*Taxation—Manufacturing corporation—Foreign corporation—Ownership of stock.*

A Pennsylvania manufacturing corporation whose stock is owned in its entirety by a foreign corporation is not required to pay a tax on its capital stock in Pennsylvania.

